IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BES ENTERPRISES, INC., | * | |
| Plaintiff, | * | |
| v. | * | Civil Case No. RDB 06-870 |
| RONY NATANZON, *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

This action arises out of a Complaint filed by Bes Enterprises, Inc. ("Plaintiff" or "Bes Enterprises") against ERN Acquisition, LLC, Rony Natanzon, and Vered Taylor (collectively, "Defendants"). Currently pending before this Court is the motion of Defendant ERN Acquisition, LLC ("Acquisition") to Dismiss Count VII of the Complaint pursuant to Fed. R. Civ. P. 12(b)(6). Acquisition contends that a Sale Order issued by the United States Bankruptcy Court for the District of Maryland in a related matter bars Count VII, which sets forth a cause of action against ERN for "successor liability." Defendants Rony Natanzon ("Natanzon") and Vered Taylor ("Taylor") have not sought to dismiss Plaintiff's other six causes of action, and have filed an Answer to the Complaint. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331-32. The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2004). For the reasons stated below, the Defendant's Motion to Dismiss is DENIED.

## BACKGROUND

Plaintiff Bes Enterprises is a Massachusetts corporation that operates a number of small retail stores in Massachusetts. Defendant Natanzon is the sole member and was the CEO of

ERN, LLC d/b/a Nationwide Check Services or NCS ("ERN"), a now-bankrupt Maryland company that once engaged in the business of facilitating electronic credit card and check processing. Defendant Taylor, the daughter of Natanzon, formerly served as ERN's manager of check services. Natanzon and Taylor are residents of the State of Maryland.

On March 26, 2002, Bes Enterprises and ERN entered into a contract (the "Merchant Data Contract"). Under the Merchant Data Contract, ERN promised to "cause checks tendered at stores to be electronically collected and deposited in merchant's bank accounts within one day." (Pl.'s Opp. pp. 1-2; *see also* Compl. ¶¶ 11-12.) Plaintiff alleges that:

> Between January of 2003 and June of 2003 . . . [ERN] collected the proceeds of checks tendered at plaintiff's stores and submitted by plaintiff for collection, but defendants Rony Natanzon and Vered Taylor caused all the collected funds to be diverted by ERN and not paid to plaintiff.

(*Id*. at p. 2; *see also* Compl. ¶¶ 17-20.) Plaintiff contends that, during this six-month period, Natanzon and Taylor diverted and embezzled approximately $230,000 in funds belonging to Bes Enterprises.[1] (*See* Compl. ¶ 21.)

In April 2004, ERN filed for protection under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Maryland.[2] Plaintiff claims that although ERN's "books reflected a debt to plaintiff of over $232,000 for the diverted check proceeds, plaintiff was never scheduled as a creditor and received no notice of the bankruptcy

---

[1] Plaintiff suggests that Defendants' actions with respect to Bes Enterprises were part of an extensive scheme to embezzle funds. (*See* Compl. ¶ 16 (alleging that, from early 2002 through 2004, Natanzon and Taylor embezzled $2-3.8 million from various ERN merchants).)

[2] *See In re ERN, LLC*, No. 04-20521 (Bankr. D. Md.) (Schneider, J.). This proceeding is currently ongoing.

proceedings." (Pl.'s Opp. p. 2.)

In July 2004, certain assets belonging to ERN were sold to Defendant ERN Acquisition, LLC ("Acquisition"), a Maryland limited liability company that is owned by the Natanzon family. (*See* Compl. ¶ 7; *see also In re ERN, LLC*, No. 04-20521 (Bankr. D. Md. July 9, 2004) (order approving sale of debtor's assets)). The parties agree that the Merchant Data Contract between Bes Enterprises and ERN was *not* among the assets purchased by Acquisition. (*See* Defs' Mem. p. 12; Compl. ¶ 66; Pl.'s Opp. p. 3.)

On January 10, 2005, Plaintiff filed a Complaint in the Superior Court Department of the Trial Court for Essex County in the State of Massachusetts. On March 14, 2005, Defendants removed the action to the United States District Court for the District of Massachusetts.[3] On March 21, 2005, Defendants filed a Motion to Dismiss or, in the Alternative, for Venue Transfer. (*See* Paper No. 33.) On March 30, 2006, Judge O'Toole of the United States District Court for the District of Massachusetts granted Defendants' Motion for Venue Transfer pursuant to 28 U.S.C. § 1404(a), and ordered that this action be transferred to this District.[4] (*See* Paper No. 25.)

---

[3] In their Notice of Removal, Defendants assert that federal jurisdiction is proper pursuant to 28 U.S.C. § 1331 (because this action involves citizens of different States and Plaintiff seeks in excess of $75,000 in damages) and 28 U.S.C. § 1332 (because the Complaint contains a cause of action pursuant to RICO's civil provision, 18 U.S.C. § 1962). (*See* Paper No. 1 at ¶¶ 8-9.)

[4] In explaining his decision to grant Defendants' Motion for Venue Transfer, Judge O'Toole noted that two related cases are currently pending in the District of Maryland: *In re ERN, LLC*, No. 04-20521-JS (Bankr. D. Md.) (Schneider, J.) and *Baron Financial Corp. v. Rony Natanzon, et al.*, No. 03-3563-SKG (D. Md.) (Gauvey, J.). It appears that at least one other related action was brought in this District. *See Buchbinder v. Natanzon*, No. 03-2945-JFM (D. Md. Dec. 14, 2005) (unpublished order granting summary judgment in favor of defendant) (Motz, J.), *aff'd*, No. 06-1078 (4th Cir. Nov. 16, 2006) (also unpublished). Finally, Judge O'Toole emphasized the forum selection clause in the Merchant Data Contract between Bes Enterprises and ERN:

On April 21, 2006, Natanzon and Taylor filed an Answer to the Complaint. (*See* Paper No. 32.) In that pleading, Defendants noted that:

> Defendant ERN Acquisition, LLC has moved to dismiss this action on the merits as against it. That motion was and is still pending. . . . Accordingly, pending the disposition of its pending motion, Defendant ERN Acquisition, LLC is not yet required to answer this Complaint.

(*Id*. at p. 1 n.1.) A Scheduling Order has not been issued in this matter and discovery has yet to commence.

## STANDARD OF REVIEW

Acquisition seeks to dismiss Count VII of this action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. "The purpose of Rule 12(b)(6) is to test the legal sufficiency of a complaint" and not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999)). The "Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he

---

> Any legal action filed, whether in law, equity, small claims or otherwise, including an original complaint or third party claim, by or in the right of any party to this Agreement, or any action arising under or related to this Agreement, including but not limited to a claim for payment under this Agreement, the claim for payment under any applicable Merchant Processing Agreement, and also including any non-contract claim, including, but not limited to, tort claims, shall be brought and maintained solely and exclusively in the State Courts located in the County of Baltimore, State of Maryland, or the Federal District Court in Baltimore City, State of Maryland. . . .

(Defs' Mem. Ex. 5 at § 15.2; *see also* Paper No. 25 p. 2 (noting that "given the parties' vigorous dispute over the enforceability of the agreement's forum selection clause, it is not clear whether jurisdiction would even be proper in [the District of Massachusetts].").)

bases his claim." *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  Rather, Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal v. Rowe Price-Fleming Int'l Inc.,* 248 F.3d 321, 325-26 (4th Cir. 2001); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002) (stating that a complaint need only satisfy the "simplified pleading standard" of Rule 8(a)).  Therefore, a Rule 12(b)(6) motion to dismiss "should only be granted if, after accepting all well-pleaded allegations in the plaintiff's complaint as true, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Migdal v. Rowe Price-Fleming Int'l Inc.,* 248 F.3d 321, 325 (4th Cir. 2001); *see also Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005).

## DISCUSSION

The seven causes of action asserted by Plaintiff in the Complaint can be divided into two categories: claims against individual Defendants Rony Natanzon and Vered Taylor (Counts I-VI), and a claim against Defendant ERN Acquisition, LLC (Count VII).  As noted above, the Motion to Dismiss presently before this Court only concerns Count VII.

The basis of Count VII is that Acquisition assumed the Merchant Data Contract dated March 26, 2002 between Plaintiff and ERN:

> With no contact or contract with plaintiff, [Acquisition] assumed and performed the contract between Plaintiff and ERN and performed all the services to be performed by ERN as if the ERN contract with Plaintiff were a contract between Plaintiff and [Acquisition]. [Acqusition] used the same name, address, phone numbers, forms and stationary as ERN in performing the contract.  The owners, managers and employees of ERN were the same or substantially the same as those of [Acquisition]. [Acquisition] performs the same tasks as had ERN and charged Plaintiff fees in accordance with the terms of the ERN contract.  ERN in turn ceased its operations.

(Compl. ¶ 65.)  Based on this conduct, Plaintiff contends that Acqusition "impliedly assumed the

contract between plaintiff and ERN and is therefore liable to plaintiff for all amounts due plaintiff from ERN, including the more than $230,000 collected by ERN but not transferred into plaintiff's bank account." (Compl. ¶ 67.)

Defendant Acquisition argues that Count VII fails as a matter of law in light of a Sale Order issued by the United States Bankruptcy Court for the District of Maryland. *See In re ERN, LLC*, No. 04-20521 (Bankr. D. Md. July 9, 2004) (order approving sale of certain assets owned by ERN to Acquisition (the "Sale Order")). The Sale Order provides that:

> ORDERED, that (a) Acquisition LLC, its successors and assigns shall not be liable for any claims (including, but not limited to any and all "claims" as defined in section 101(5) of the Bankruptcy Code and any and all rights and claims under any bulk transfer statutes and similar laws) against the Debtor or its estate, except for the debts of the Assumed Secured Creditors to the extent set forth in any assumption agreements, and (b) Acquisition LLC is not assuming nor shall Acquisition LLC or successors and assigns be in any way whatsoever be [sic] liable or responsible, as successor or otherwise, for any other liabilities, debts or obligations of the Debtors except as set forth by the terms of this Order and the Bid . . .

(Sale Order, p. 7.) Acquisition argues that Count VII fails as a matter of law because the cause of action for "successor liability" set forth in that count falls within the Sale Order's provision that Acquisition shall not be liable for any claims against the ERN, including liability as successor to the obligations of ERN.[5]

Plaintiff responds that Count VII is not based "on the acquisition of assets from the Bankruptcy estate but on [Acquisition's] conduct *after* July 9, 2004." (Pl.'s Opp. p. 4.)

---

[5] Defendant Acquisition notes that the Sale Order was affirmed by this Court. *See In re ERN, LLC*, No. 04-2111 (D. Md. July 20, 2004 (unpublished order affirming bankruptcy court) (Garbis, J.)., *appeal dismissed as moot by In ERN, LLC*, No. 04-1834 (4th Cir. Jan. 31, 2005) (also unpublished).

Specifically, Plaintiff alleges that Acquisition performed tasks and charged fees pursuant to the Merchant Data Contract from July 2004 through February 2005.  (*See* Compl. ¶ 65; Pl.'s Opp. p. 4 & Ayers Aff.)  Plaintiff argues that this conduct renders the Sale Order "irrelevant."[6]  (*Id*. at 5.)  Defendant Acquisition did not specifically respond to the argument raised by Plaintiff.  (*See generally* Defs' Reply.)

As a preliminary matter, Acquisition's reliance upon the Sale Order does not require that this Court treat Defendant's motion to dismiss as one for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.  This Court may take judicial notice of matters of public record such as the Sale Order without converting a Rule 12(b)(6) motion.  *See*, *e.g.*, *Papasan v. Allain*, 478 U.S. 265, 268 n. 1 (1986) ("Although this case comes to us on a motion to dismiss under Federal Rule of Civil Procedure 12(b), we are not precluded in our review of the complaint from taking notice of items in the public record. . . ."); *Mack v. South Bay Beer Distributors, Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986) ("[O]n a motion to dismiss a court may properly look beyond the complaint to matters of public record and doing so does not convert a Rule 12(b)(6) motion to one for summary judgment."), *abrogated on other grounds*, *Astoria Federal Sav. and Loan Ass'n v. Solimino*, 501 U.S. 104 (1991); *cf. Anheuser-Busch, Inc. v.*

---

[6] Although Plaintiff cites a number of decisions in support of this argument, those decisions are not relevant to the precise issue before this Court because they do not concern the relationship between state law doctrines of successor liability and an order issued by a United States Bankruptcy Court providing that certain assets are acquired free and clear of successor liability.  *See LVI Environmental Services, Inc. v. Academy of IRM*, 666 A.2d 899 (Md. Ct. Spec. App. 1995) (addressing cause of action for successor liability under Maryland law; no bankruptcy sale order involved); *Miller v. Nissen Corp.*, 575 A.2d 758 (Md. Ct. Spec. App. 1990) (same), *rev'd in part*, 594 A.2d 564 (Md. 1991); *Cargill, Inc. v. Beaver Coal & Oil Co., Inc.*, 676 N.E.2d 815 (Mass. 1997) (addressing cause of action for successor liability under Massachusetts law; no bankruptcy sale order involved); *McCarthy v. Litton Industries, Inc.*, 570 N.E.2d 1008 (Mass. 1991) (same).

*Schmoke*, 63 F.3d 1305, 1312 (4th Cir. 1995) ( consideration of legislative history does not require conversion of motion to dismiss), *vacated on other grounds*, 517 U.S. 1206 (1996).

Although not addressed by the parties, the Bankruptcy Court's authority to immunize a buyer of assets in the manner suggested by Defendant Acquisition stems from 11 U.S.C. § 363(f).  Section 363(f) provides in relevant part:

> The trustee may sell property . . . free and clear of any interest in such property of an entity other than the estate, only if —
>
> (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;
> (2) such entity consents;
> (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
> (4) such interest is in bona fide dispute; or
> (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f); (*see also* Sale Order pp. 1-2 (invoking § 363(f).)  The underlying principle of § 363(f) is to permit sales free and clear of successor liability and therefore this section is frequently utilized by debtors needing to sell ongoing business before the often lengthy bankruptcy process has been completed.  *See generally* 3 Collier on Bankruptcy ¶ 363.06[7].

Although certain types of successor liability claims may be imposed on buyers of assets sold pursuant to § 363(f), courts carefully weigh the policy issues raised by the imposition of such liability.  For example, courts consider whether imposing successor liability in a particular case will discourage potential buyers in other bankruptcy sales.  In addition, courts express concern that allowing successor liability claims will frustrate the orderly scheme of the bankruptcy laws by allowing some unsecured creditors to recover without regard to the priority

order of the bankruptcy proceedings.  *See*, *e.g.*, *In re Savage Industries, Inc.*, 43 F.3d 714, 722 (1st Cir. 1994) (acknowledging concern "that permitting state-court successor liability actions would 'chill' chapter 11 asset bidding"); *In re Trans World Airlines, Inc.*, 322 F.3d 283, 292 (3d Cir. 2003) ("To allow the claimants to assert successor liability claims against American [Airlines] while limiting other creditors' recourse to the proceeds of the asset sale would be inconsistent with the Bankruptcy Code's priority scheme.").

In this case, neither party has undertaken a significant analysis of the precise issue before this Court: whether a Bankruptcy Court can authorize an asset sale free and clear of successor liability pursuant to 11 U.S.C. § 363(f) where the successor entity's post-bankruptcy conduct allegedly constitutes an implied assumption of contractual obligations.  This issue may turn on factual disputes and questions of law that have been neither developed nor addressed by the parties.  Accordingly, this Court will DENY Defendant Acquisition's Motion to Dismiss Count VII of the Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

*First*, additional facts may be necessary to determine the effect of the Sale Order.  For example, at least one court has suggested that inadequate notice may prevent an order issued under § 363(f) from precluding claims based on successor liability.[7]  Although Defendant Acquisition's papers do not discuss adequacy of notice, Plaintiff's Complaint alleges that Defendants "failed and neglected to list plaintiff as a creditor of ERN [in the bankruptcy

---

[7] *See In re Savage Industries*, 43 F.3d at 723 ("We hold only that the parties to an all-asset transfer conducted under the auspices of chapter 11 are not entitled to rely on the protective jurisdiction of the bankruptcy court to enjoin the prosecution of a state-law based successor product-line liability action against an all-asset transferee when the state court plaintiff was neither afforded appropriate notice of the material terms of the all-asset transfer, nor of the chapter 11 plan.").

proceedings] notwithstanding their knowledge that substantial amounts of plaintiff's monies had been embezzled. . . ." (Compl. ¶ 64.)  Plaintiff also contends that Acquisition "was established for the purpose of fraudulently continuing the business of ERN without liability for the debts of ERN."[8]  (Compl. ¶ 68.)

*Second*, additional facts and analysis regarding Acquisition's post-Sale Order conduct are needed to determine whether the particular "implied assumption of contract" claim at issue here is precluded by § 363(f).  In this regard, one significant issue involves Acquisition's post-bankruptcy conduct, and how that conduct relates to § 363(f).  In their moving papers, Defendants do not deny that Acquisition continued to service the Merchant Data Contract between Plaintiff and ERN *after* the Sale Order issued in July 2004. (*See* Pl.'s Opp. p. 4 & Ayers Aff. (alleging that Acquisition performed tasks and charged fees pursuant to the Merchant Data Contract from July 2004 through February 2005).)  In other contexts, courts have suggested that a free and clear sale under § 363(f) does not include future claims that do not arise until after the conclusion of the bankruptcy proceeding.  *See*, *e.g.*, *Ninth Avenue Remedial Group v. Allis-Chalmers Corp.*, 195 B.R. 716, 732 (N.D. Ind. 1996).  Another question involves the nature of Plaintiff's interest in assets purchased by Acquisition.[9]

---

[8] This Court notes that the Sale Order provides that "[p]roper, timely and sufficient notice of the Emergency Sale Motion and the hearings thereon was provided, and such notice was properly served on all required persons and entities, including, but not limited to, all creditors, all parties requesting notice in accordance with the Bankruptcy Rules, and all persons claiming any interest in or related to the Assets."  (Sale Order p. 2.)

[9] The Fourth Circuit has noted that "[s]ection 363(f) of the Bankruptcy Code authorizes the bankruptcy courts . . . to authorize the sale of property 'free and clear of any *interest in such property* of an entity other than the estate.'" *In re Leckie Smokeless Coal Co.*, 99 F.3d 573, 581 (4th Cir. 1996) (emphasis in original), *cert. denied*, 520 U.S. 1118 (1997).  Although the Bankruptcy Code does not define the interests encompassed by § 363(f), courts

*Third*, the development of factual and legal issues as discussed above will enable this Court to evaluate the policy concerns that are typically considered when addressing successor liability claims in the context of a § 363(f) sale order. Those concerns include whether allowing Plaintiff to assert its implied assumption/successor liability claim will upset the priority scheme established in the ongoing bankruptcy proceeding or discourage potential buyers in other bankruptcy sales.[10]

## CONCLUSION

For the reasons set forth above, the motion of Defendant ERN Acquisition, LLC to Dismiss Count VII of the Complaint is DENIED. A separate Order follows.


Dated: December 4, 2006              /s/
                                     Richard D. Bennett
                                     United States District Judge

---

have held that § 363(f) may be relied upon to sell property free and clear of certain types of unsecured claims provided that those claims have a sufficient relationship to the property sold. *See In re Leckie Smokeless*, 99 F.3d at 581-82; *see also Allis-Chalmers*, 195 B.R. at 729-32.

[10]   At least one court has suggested that if Plaintiff had an opportunity to obtain a remedy against Acquisition's predecessor, then Plaintiff may not be able to assert its successor-based claim. *See Zerand-Bernal Group v. Cox*, 23 F.3d 159, 163 (7th Cir. 1994) (suggesting that successorship-based claims do not apply where a claimant "had a chance to obtain a legal remedy against the predecessor, even so limited as filing a proof of claim.") (citation omitted).